## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT H. AYLOR, JR., On Behalf Of Himself and All Others Similarly Situated, | : | Civil Action No. 05-0222 (SLR) |
| | : | Class Action |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| XYBERNAUT CORPORATION, EDWARD G. | : | |
| NEWMAN, STEVEN A. NEWMAN, M.D., and | : | |
| THOMAS D. DAVIS, | : | |
| | : | |
| Defendants.. | : | |
| | : | |

[Captions Continued On Next Page]

### XYBERNAUT INVESTORS GROUP'S ANSWERING BRIEF
### IN OPPOSITION TO ALL OTHER LEAD PLAINTIFF MOTIONS

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
Jessica Zeldin (Del. Bar No. 3558)
Suite 1401, 919 Market Street
P.O. Box 1070
Wilmington, Delaware 19899
(302) 656-4433
jzeldin@rmgglaw.com
Counsel for Movant

OF COUNSEL:

James E. Miller
Patrick A. Klingman
Karen M. Leser
SHEPHERD, FINKELMAN, MILLER & SHAH, LLC
65 Main Street
Chester, Connecticut 06412
(860) 526-1100

June 28, 2005

[Additional counsel listed on signature block]

| | | |
|---|---|---|
| MOSHE TAL, On Behalf Of Himself and All Others Similarly Situated, | : | Civil Action No. 05-0242 (SLR) |
| | : | Class Action |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| XYBERNAUT CORPORATION, EDWARD G. NEWMAN, STEVEN A. NEWMAN, M.D., and THOMAS D. DAVIS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| MICHAEL FEHRENBACHER, Individually and On Behalf Of All Others Similarly Situated, | : | Civil Action No. 05-0256 (SLR) |
| | : | Class Action |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| XYBERNAUT CORPORATION, EDWARD G. NEWMAN, STEVEN A. NEWMAN, M.D., and THOMAS D. DAVIS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| JEFFREY M. JASKOL AND STACEY J. JASKOL, Individually and On Behalf Of All Others Similarly Situated, | : | Civil Action No. 05-0268 (SLR) |
| | : | Class Action |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| XYBERNAUT CORPORATION, EDWARD G. NEWMAN, STEVEN A. NEWMAN, THOMAS D. DAVIS, BRUCE C. HAYDEN, and GRANT THORNTON LLP, | : | |
| | : | |
| Defendants. | : | |
| | : | |

JOSEPH DANIEL WAUHOP, On Behalf Of   :   Civil Action No. 05-0310 (SLR)
Himself and All Others Similarly Situated,   :   Class Action
   :
   :
Plaintiff,   :
   v.   :
   :
   :
XYBERNAUT CORPORATION, EDWARD G.   :
NEWMAN, STEVEN A. NEWMAN, M.D.,   :
THOMAS D. DAVIS, JOHN F. MOYNAHAN,   :
and GRANT THORNTON, LLP,   :
   :
   :
Defendants.   :
   :

---

CHRISTINA W. DONNELLY, JOHN   :   Civil Action No. 05-0334 (SLR)
DONNELLY, JAMES G. WILLIAMSON, and   :   Class Action
RICHARD W. DEARBORN,   :
   :
   :
Plaintiffs,   :
   :
   :
   v.   :
   :
   :
XYBERNAUT CORPORATION, EDWARD G.   :
NEWMAN, STEVEN A. NEWMAN, THOMAS   :
D. DAVIS, BRUCE C. HAYDEN, and   :
GRANT THORNTON LLP,   :
   :
   :
Defendants.   :
   :

---

CHARLES W. SMITH, Individually and On Behalf :   Civil Action No. 05-0354 (SLR)
OF All Others Similarly Situated,   :   Class Action
   :
   :
Plaintiff,   :
   v.   :
   :
   :
XYBERNAUT CORPORATION, EDWARD G.   :
NEWMAN, STEVEN A. NEWMAN, THOMAS   :
D. DAVIS, BRUCE C. HAYDEN, and   :
GRANT THORNTON, LLP,   :
   :
   :
Defendants.   :

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ...................................................................................... i

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT .......................................................................... 1

ARGUMENT ..................................................................................................... 3

I.    The Xybernaut Investors Group Is The Most Adequate
      Plaintiff To Represent The Class. .......................................................... 3

II.   No Other Movant For Lead Plaintiff Satisfies
      The PSLRA's "Most Adequate Plaintiff" Requirement. .......................... 6

      A.    The Al Mesnad Group Has Provided No
            Information Regarding Its Adequacy. ........................................... 6

      B.    Both The James Group And The Fehrenbacher
            Shareholder Group Haves Losses Below That
            Of The Xybernaut Investors Group And Neither
            Has Provided Information Regarding Its Adequacy. ..................... 10

      C.    The Xybernaut Investors Group's Choice Of
            Counsel Should Be Approved. ...................................................... 11

III.  The Related Actions Should Be Consolidated. ....................................... 12

CONCLUSION ................................................................................................. 13

## TABLE OF AUTHORITIES

### CASES

Page

Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975) ......................................... 8

In re Baan Co. Sec. Litig., 186 F.R.D. 214 (D.D.C. 1999) ................................................. 1

In re Bank One S'holders Class Action, 96 F. Supp.2d 780 (N.D. Ill. 2000) ...................... 9

In re Cendant Corp. Litig., 264 F.3d 201 (3rd Cir. 2001) .................................................. 4, 5, 7

In re Conseco, Inc. Sec. Litig., 120 F. Supp.2d 729 (S.D. Ind. 2000) ................................. 7

In re DaimlerChrysler AG Sec. Litig., 216 F.R.D. 291 (D. Del. 2003) ............................... 4

In re Enron Corp. Sec. Litig., 206 F.R.D. 427 (S.D. Tex. 2002) ......................................... 3

In re Lernout & Hauspie Sec. Litig., 138 F. Supp.2d 39 (D. Mass. 2001) .......................... 3

In re Lucent Tech., Inc., Sec. Litig., 194 F.R.D. 137 (D.N.J. 2000) ................................... 4, 6, 9

In re Network Assoc., Inc., Sec. Litig., 76 F. Supp.2d 1017 (N.D. Cal. 1999) ................... 10

In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42 (S.D.N.Y. 1998) ...................... 4

In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig., 209 F.R.D. 353 (S.D.N.Y. 2002) ........ 9

Kuck v. Veritas Software Corp., No. CIV. 04-831-SLR,
        2005 WL 123744 (D. Del. Jan 14, 2005) .................................................................. 12

Piven v. Sykes Enter., Inc., 137 F. Supp.2d 1295 (M.D. Fla. 2000) ................................... 7

Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership, 882 F. Supp. 359 (D. Del. 1994) ........... 12

Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248 (S.D.N.Y. 2003) ......... 9

Weisz v. Calpine Corp., No. 4:02-CV-1200,
        2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ....................................................... 9

Wenderhold v. Cylink Corp., 188 F.R.D. 577 (N.D. Cal. 1999) ......................................... 11

## STATUTES

15 U.S.C. § 78u-4(a) ............................................................................................ passim

28 U.S.C. § 1404 ............................................................................................ 12

## PRELIMINARY STATEMENT

Currently pending before this Court are the motions of four competing movants seeking appointment as lead plaintiff. Of the competing movants, only one – the Al Mesnad Group – alleges losses larger than individual investors, Donald T. Ogle, Jr., Wei Wang, Tom Johnson, Michael Taylor, and Robert A. Schultz (collectively, the "Xybernaut Investors Group"), but the Al Mesnad Group has failed to show that it can meet the requirements for lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA"). Indeed, all of the movants other than the Xybernaut Investors Group present one or more significant issues that call into question their suitability to be appointed lead plaintiff. None of the other proposed lead plaintiff groups have demonstrated that they are the kind of small, cohesive group that is actively managing this litigation and that the PSLRA and the U.S. Securities & Exchange Commission ("SEC") envision as an appropriate lead plaintiff.[1]

The Al Mesnad Group appears to be composed of three individuals, Khalid Nassera Al Mesnad ("Mesnad"), Edward J. Paige ("Paige"), and Joyce R. Starr ("Starr"), and what appears to be a foreign entity, Nurol Menkul Kiymetler A.S. ("Nurol"). However, the papers submitted in support of the Al Mesnad Group's appointment as lead plaintiff are silent as to the identity of its members, how or if its members will work together to prosecute this action on behalf of the Class, and whether it constitutes an

---

[1]    The SEC has advised courts that the phrase "group of persons" as used in the PSLRA should be limited to a small group of no more than five members. See In re Baan Co. Sec. Litig., 186 F.R.D. 214, 224 (D.D.C. 1999) (quoting Memorandum of the Securities and Exchange Commission, Amicus Curiae) ("Construing the term "group of persons" in light of the language and purposes of the [PSLRA], a court generally should only approve a group that is small enough to be capable of effectively managing the litigation and the lawyers. The Commission believes that ordinarily this should be no more than three to five persons, a number that will facilitate joint decision making and also help to assure that each group member has a sufficiently large stake in the litigation").

appropriate group under the PSLRA. Without such information, the Court does not have an adequate basis to determine whether the Al Mesnad Group is an adequate lead plaintiff.

The other two movants, the James Group (consisting of five individual investors) and the Fehrenbacher Shareholder Group (consisting of three members of the Alsabbagh family and two other individuals) have losses less than those of the Xybernaut Investors Group. In addition, both of these groups are likewise silent as to the identities of their members and the structure, if any, they have agreed upon to litigate this action.

In contrast to the other movants, and as further detailed in the Joint Declaration attached as Exhibit A, the Xybernaut Investors Group has provided information regarding the identities of its members and details as to how they intend to manage this litigation if appointed as lead plaintiff.[2] Moreover, as reflected in their Joint Declaration, the members of the Xybernaut Investors Group have negotiated a favorable fee agreement for the Class and have already held meetings as a group to ensure that this action is properly prosecuted by their chosen counsel, who also filed the initial complaint (Aylor v. Xybernaut Corp., et al., Civ. No. 05-222-SLR) in this District commencing this securities fraud litigation. Based on the information that has been provided by the parties, the Court can only conclude that the Xybernaut Investors Group is the "most adequate plaintiff."

---

[2]     In its initial papers, the Xybernaut Investors Group already provided a description of each of its members and their respective vocations – in stark contrast to the papers submitted by the other movants.

## ARGUMENT

I.    THE XYBERNAUT INVESTORS GROUP IS THE MOST ADEQUATE PLAINTIFF TO REPRESENT THE CLASS.

Having the largest financial interest in the relief sought by the class is not the sole factor to be applied in determining the appropriate lead plaintiff to appoint under the PSLRA.[3] See, e.g., In re Enron Corp. Sec. Litig., 206 F.R.D. 427, 441 (S.D. Tex. 2002). Rather, the PSLRA provides three criteria which must be met before the movant achieves a "rebuttable presumption" as the most adequate plaintiff. First, the movant must have filed a complaint or made a motion in response to the notice mandated by the PSLRA. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, the movant must have the largest financial interest in the relief sought by the class. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Third, the movant must otherwise satisfy the typicality and adequacy requirements of Rule 23. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). While the second factor may be significant, it does not eliminate the required showing

---

[3]    Although the Al Mesnad Group claims the largest losses in the aggregate, an examination of those losses – on an individual basis – demonstrates that they are not dramatically more than those losses claimed by the Xybernaut Investors Group. The claimed losses of the Xybernaut Investors Group's members are: Don Ogle – $197,325; Wei Wang – $168,500; Tom Johnson – $117,400; Michael Taylor – $97,510; and Bob Schultz – $87,655. In comparison, the claimed losses of the Al Mesnad Group are as follows: Mesnad – $537,200; Paige – $237,328, Starr – $126,280; and Nurol – $62,700. See Exhibit B to the Declaration of James L. Holzman in support of the Al Mesnad Group's Motion for Consolidation of All Related Actions, to be Appointed Lead Plaintiffs, and for the Approval of Selection of Co-Lead Counsel. Thus, two members of the Xybernaut Investors Group suffered greater losses than Starr, and all claim more damages than Nurol. In enacting the lead plaintiff procedures of the PSLRA, Congress believed, *inter alia,* that "class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." In re Lernout & Hauspie Sec. Litig., 138 F. Supp.2d 39, 43 (D. Mass. 2001) (quoting H.R. Conf. Rep. No. 104-369, at 34 (1995) (reprinted in 1995 U.S.C.C.A.N. 730)). Here, based solely upon the claimed financial stake in the outcome of this litigation of its members, the Al Mesnad Group has not shown that it would be more effective than the Xybernaut Investors Group in prosecuting this litigation.

of adequacy and typicality. See In re Cendant Corp. Litig., 264 F.3d 201, 266 (3d Cir. 2001) ("a group is not entitled to presumptive lead plaintiff status unless it 'otherwise satisfies' Rule 23, which in turn requires that it be able to 'fairly and adequately protect the interests of the class'"); In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]he rebuttable presumption created by the PSLRA which favors the plaintiff with the largest financial interest was not intended to obviate the principle of providing the class with the most adequate representation and in general the [PSLRA] must be viewed against established principles regarding Rule 23 class actions").

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. "A representative's claim is typical if it arises from the same event, practice, or conduct that gives rise to the claim of the other class members, and is based on the same legal theory." In re DaimlerChrysler AG Sec. Litig., 216 F.R.D. 291, 298 (D. Del. 2003) (citation and internal quotations omitted). The adequacy requirement is governed by Rule 23(a)(4), which mandates that the representative parties fairly and adequately protect the interests of the class. See In re Lucent Tech., Inc., Sec. Litig., 194 F.R.D. 137, 151 (D.N.J. 2000) ("Adequacy, for purposes of the lead plaintiff determination, is contingent upon both the existence of common interests among the proposed lead plaintiffs and the class, and **a willingness on the part of the proposed lead plaintiff to vigorously prosecute the action**") (citation omitted; emphasis added).

Here, the Xybernaut Investors Group unquestionably satisfies the typicality requirement, for their claims arise out of the same conduct and are based upon the same legal theories as the claims of all the other Xybernaut investors in the Class. Furthermore, as their Joint Declaration demonstrates, the members of the Xybernaut Investors Group share a common interest in maximizing their recovery for the

benefit of the entire Class, and have shown their willingness to vigorously prosecute this action. Indeed, in their Joint Declaration, the Xybernaut Investors Group has provided the Court with all of the information necessary for the conclusion that they meet the adequacy standard of Rule 23(a)(4). Specifically, the Joint Declaration provides information regarding:

1.    The identity and occupations of the members of the Xybernaut Investors Group (¶¶ 1-5)[4];

2.    The reasoning behind the Xybernaut Investors Group's selection of Shepherd Finkelman Miller & Shah, LLC ("Shepherd Finkelman") and Schatz & Nobel, P.C. ("Schatz & Nobel") as its counsel (¶¶ 6-7);

3.    The Xybernaut Investors Group's understanding of its fiduciary duty to all members of the Class and the obligations associated with being Lead Plaintiff under the PSLRA (¶¶ 7, 10);

4.    The Xybernaut Investors Group's plan to communicate and work together to provide adequate representation and maximize the recovery for the Class (¶¶ 8-9, 12); and

5.    The Xybernaut Investors Group's favorable fee agreement with its choice of counsel (¶¶13-14).[5]

The Joint Declaration demonstrates that the Xybernaut Investors Group is a diverse group of investors with a variety of applicable business experience. Moreover, the Xybernaut Investors Group has provided more than enough information – and certainly more information than any other movant has disclosed – for the Court to conclude that it will be able to fairly and adequately protect the interests of the class and, therefore, is the most adequate plaintiff pursuant to the PSLRA. Accordingly, the Xybernaut

---

[4]    All references to "¶__" and "¶¶__" refer to specific paragraph(s) of the Joint Declaration.

[5]    As the Third Circuit Court of Appeals has observed, "one of the best ways for a court to ensure that [a lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel." In re Cendant, 264 F.3d at 265. Here, the Xybernaut Investors Group clearly has demonstrated that willingness and ability.

Investors Group should be appointed Lead Plaintiff.

II.    NO OTHER MOVANT FOR LEAD PLAINTIFF SATISFIES THE PSLRA'S "MOST ADEQUATE PLAINTIFF" REQUIREMENT.

A.    The Al Mesnad Group Has Provided No Information Regarding Its Adequacy.

Although the Al Mesnad Group claims to have larger losses than any other movant, the PSLRA only affords the presumption of "most adequate plaintiff" to the movant that satisfies all three requirements under the PSLRA. See 15 U.S.C. § 78u-4(a)(3)(B)(iii). Indeed, the presumption may be rebutted if the proposed lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the Al Mesnad Group has failed to provide the Court with any information that would demonstrate its adequacy to serve as lead plaintiff. Moreover, the scant information that is provided regarding the Al Mesnad Group's members raises more questions than it answers.[6]

A proposed lead plaintiff should give the Court sufficient information for it to conclude that the applicant is capable of adequately representing the Class. See In re Lucent Tech., 194 F.R.D. at 151

---

[6]    Of note, it appears from the papers submitted by the Al Mesnad Group that there may be some confusion regarding the correct spelling of the namesake of the group (i.e., Mr. Mesnad). The certification form he signed indicates his name as alternatively "Khalid Nasser Abdulla Al Mesnad" or "Khalid Nassera Almesnad." While the Xybernaut Investors Group is unable to identify any person by this name through a public search, a "Khalid Nasser Abdulla Al Misnad" was discovered who is a prominent businessman in Qatar who is affiliated with a major construction company in that country that bears his surname. See www.galfarqatar.com/profile.htm; http://www.almisnadtrading.net/home.html. In the absence of any other information regarding this individual, the Court is frankly left to guess whether the discrepancy regarding "Mesnad's" name is a matter of translation (although it seems unlikely that an individual who maintains websites in English would execute a Certification that misspelled his name), merely reflects a spelling error in both the Certification that this individual executed and the papers submitted on his behalf, or if Mr. "Mesnad" is an individual different from Mr. "Misnad."

("In order to assist the court in determining whether several proposed lead plaintiffs are in fact capable of performing as a group, such proposed group should provide the court with information pertaining to its members, its structure and how it will function"). Such information is vital to the Court's determination of whether the proposed lead plaintiff will "fairly and adequately protect the interests of the class." See In re Cendant, 264 F.3d at 266 ("If the court determines that the way in which a group seeking to become lead plaintiff was formed or the manner in which it is constituted would preclude it from fulfilling the tasks assigned to a lead plaintiff, the court should disqualify that movant on the grounds that it will not fairly and adequately represent the interests of the class"). Indeed, other courts have determined that a "bare certification form" does not provide enough information to support a movant's appointment as a lead plaintiff. See Piven v. Sykes Enter., Inc., 137 F. Supp.2d 1295, 1305 (M.D. Fla. 2000) (competing movant for lead plaintiff failed to demonstrate that it was "more adequate" where information did not disclose where it was located, "what its business is, if it is a foreign company, and who controls it"); In re Conseco, Inc. Sec. Litig., 120 F. Supp.2d 729, 732 (S.D. Ind. 2000) (determining that "the bare certification forms submitted by all other movants" failed to demonstrate their adequacy).

   The Al Mesnad Group has submitted only "bare certification forms." These documents fail to disclose, among other things, where its members are located or what their occupations are; how and why the group was formed; the manner in which they will communicate with their counsel; and whether they have negotiated a competitive fee agreement with their counsel. Because this Court should not be forced to make its selection of lead plaintiff in a vacuum or without such information, the Al Mesnad Group clearly has failed to demonstrate that it is entitled to the presumption of "most adequate plaintiff."

The inclusion of Nurol as a member of the Al Mesnad Group also demonstrates the problems that can arise when the Court has only a "bare certification form" upon which to base its decision for the appointment of lead plaintiff. First, the size of its losses do not necessarily suggest a strong incentive to actively participate in this litigation as lead plaintiff. As previously discussed, Nurol's claimed losses of $62,700 are less than those of any of the members of the Xybernaut Investors Group, and, as explained below, Nurol appears to a brokerage firm that may not even have beneficial ownership of the securities at issue. Second, Nurol's inclusion gives the Al Mesnad Group four members and it is unclear what mechanism, if any, would be employed in the event of a dispute among the members as to a particular course of action. This is especially significant because the Al Mesnad Group consists of an even number of members, and it offers no information on how a disagreement between its members will be resolved in the event of a tie vote.[7]  Third, although the Al Mesnad Group did not volunteer any information whatsoever regarding Nurol, an internet search indicates that Nurol is a Turkish brokerage firm, which is active on the Istanbul stock exchange, see http://www.nurolonline.com/Index.asp, and, as discussed below, this may subject Nurol to unique or additional defenses.

If Nurol is an investment manager or investment advisor, it may well lack standing because it did not purchase Xybernaut stock on its own account. It is well-settled that "one asserting a claim for damages based on the violation of Rule 10b-5 must be either a purchaser or seller of securities." Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 749 (1975). Courts have recognized that because an investment advisor is not the owner of the securities at issue, it is incapable of adequately representing the

---

[7]    In comparison, the Xybernaut Investors Group consists of five members, and it has been agreed by its members that all decisions will be made by majority vote. Joint Declaration, ¶ 12.

interests of a class of purchasers under the PSLRA. See, e.g., In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig., 209 F.R.D. 353, 358 (S.D.N.Y. 2002) (investment advisor could not adequately represent the class because "[t]he fact that [the investment advisor] was not the legal purchaser of Turkcell stock prevents them from suing on behalf of its investors"); Weisz v. Calpine Corp., No. 4:02-CV-1200, 2002 WL 32818827, at *5 (N.D. Cal. Aug. 19, 2002) (court refused to appoint investment manager as lead plaintiff where, *inter alia*, it was neither "actual purchaser or seller of securities"); In re Bank One S'holders Class Action, 96 F. Supp.2d 780, 783-84 (N.D. Ill. 2000) (court held that investment manager was not "the most adequate plaintiff" under the PSLRA because, *inter alia*, it did not buy shares "for its own account").[8] Here, the paucity of information regarding Nurol prevents this Court from even determining whether it has standing to assert the claims of the Class. As a result, this Court cannot even evaluate whether Nurol (and by extension, the Al Mesnad Group) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In the face of such ambiguity, the Court clearly should not appoint the Al Mesnad Group as lead plaintiff. By offering only the certifications of its members – and nothing more – this Court has no basis to determine whether the Al Mesnad can fairly and adequately represent the interests of the class. Cf. In re Lucent Technologies, 194 F.R.D. at 151 n.19 (while court could assume, because each member

---

[8]     Furthermore, those courts which have permitted investment advisors to act as lead plaintiff have required, at a minimum, a definitive showing that the investment advisor had not only the discretion to purchase and sell securities for its clients, but also the authority to bring an action to attempt to recover investment losses. See Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 255 (S.D.N.Y. 2003) ("[W]hen the investment advisor is also the attorney-in-fact for its clients with unrestricted decision making authority, the investment advisor is considered the 'purchaser' under the federal securities laws with standing to sue in its own name") (citation omitted). Clearly, nothing has been submitted regarding Nurol which demonstrates that it meets this criteria.

of proposed lead plaintiff group signed a certification, "that each wants to be a lead plaintiff," the absence

of any other information left the court to question "whether each member of this group is aware that it or

he has been offered with two other representatives as part of a group"). Without some showing of

cohesiveness or a plan to coordinate the litigation (and monitor the conduct of its counsel), the Al Mesnad

Group has failed to meet its threshold responsibilities under the PSLRA and simply is not entitled to the

presumption of "most adequate plaintiff."

> B.    Both The James Group And The Fehrenbacher Shareholder Group Have Losses
>        Below That Of The Xybernaut Investors Group And Neither Has Provided
>        Information Regarding Its Adequacy.

Neither the James Group, with claimed losses of approximately $427,000, nor the

Fehrenbacher Shareholder Group, with claimed losses of approximately $381,000, have the largest

financial interest in the outcome of this litigation. Furthermore, like the Al Mesnad Group, neither of these

collections of investors have submitted any information that would allow this Court to evaluate whether they

can "fairly and adequately protect the interests of the class."

Groups seeking appointment as lead plaintiff should be able to explain both their

composition and the manner in which they will litigate the action. As the SEC has suggested, "[t]o enable

the court to assess whether the proposed group is capable of performing the lead plaintiff function, it should

provide appropriate information about its members, structure, and intended functioning [and] [i]f the

proposed group fails to explain and justify its composition and structure to the court's satisfaction, its motion

should be denied or modified as the court sees fit." In re Network Assoc., Inc., Sec. Litig., 76 F. Supp.2d

1017, 1026 (N.D. Cal. 1999) (quoting SEC Amicus Brief filed in Parnes v. Digital Lightwave, Inc., at 12,

15, No. 99-11293 (11th Cir. Aug. 25, 1999)). The Cendant court concurred with this approach, and

-10-

emphasized the trial court's wide discretion in determining the "adequacy of representation requirement." 264 F.3d at 267 ("[i]f (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should ... disqualify that movant from serving as lead plaintiff").

Here, both the James Group and the Fehrenbacher Shareholder Group have submitted no information upon which this Court can evaluate their adequacy. For the most part, the identity of their members, their location, their occupations, and the manner in which they may or will act together to coordinate this litigation is unknown.[9] Neither group provides the Court with any indication of how it would be structured so as to effectively mange this litigation and oversee their counsel. See Wenderhold v. Cylink Corp., 188 F.R.D. 577, 584 (N.D. Cal. 1999) (court must determine whether a group of investors proposed as lead plaintiff "can function as an effective monitor of class counsel's performance"). In contrast to the Xybernaut Investors' Group, neither the James Group nor the Fehrenbacher Shareholder Group have demonstrated that they can speak with one voice and effectively manage this litigation. Without such assurances, this Court has no ability to evaluate whether these groups can fairly and adequately protect the interests of the class.

C.      The Xybernaut Investors Group's Choice of Counsel Should Be Approved.

The Xybernaut Investors Group's proposed lead counsel are highly qualified, experienced law firms that are well-equipped to conduct this complex litigation in a professional manner. Likewise, the Xybernaut Investors Group candidly acknowledges that counsel for each of the competing movants for lead

---

[9]     Since the Xybernaut Investors Group has been advised by Mr. Fehrenbacher's counsel that Mr. Fehrenbacher will be withdrawn from this group, they do not challenge his adequacy.

-11-

plaintiff are similarly qualified to prosecute this litigation.

If the Court concludes that the Al Mesnad Group's presumption of "most adequate plaintiff" has been effectively rebutted because of questions regarding its ability to fairly and adequately protect the interests of the class, then the Xybernaut Investors Group should be appointed lead plaintiff. At that point, the Court also should approve the Xybernaut Investors Group's selection of their counsel. See 15 U.S.C. § 78u-4(a)(3)(B)(v).

III.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED.

The PSLRA mandates that the Court consolidate any related actions prior to making its appointment of the lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, all of the movants for lead plaintiff have requested consolidation.[10] Since these actions all involve common questions of law or fact, it is appropriate that the above-captioned related actions be consolidated into one action.

---

[10]    Counsel for the Xybernaut Investors Group initiated this litigation by filing the Aylor complaint in this District, which unquestionably is an appropriate forum for this action, especially since Xybernaut Corporation is a Delaware corporation. See Kuck v. Veritas Software Corp., No. CIV. 04-831-SLR, 2005 WL 123744, at *3 (D. Del. Jan 14, 2005) ("[d]efendants' complaints about litigating here are outweighed by the fact that [the defendant corporation] has enjoyed the benefits and protections of incorporation in Delaware and that the state has an interest in litigation regarding companies incorporated within its jurisdiction"); Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership, 882 F.Supp. 359, 362 (D. Del. 1994) ("the fact that [defendants chose] to incorporate in Delaware demonstrates a legitimacy to the plaintiff's choice to sue them [in Delaware]"). Despite this indisputable fact, certain parties elected to file similar or identical actions in the Eastern District of Virginia, and have requested that the Judicial Panel on Multidistrict Litigation ("MDL Panel") transfer all actions from this District to the Eastern District of Virginia. The Xybernaut Investors Group maintains that this District is the most appropriate forum to litigate this action, especially since the majority of the related actions were commenced here and believes that invocation of the MDL Panel's jurisdiction was unnecessary and not in the best interests of the Class. Simply put, regardless of where these related actions ultimately are litigated, transfer to the most appropriate forum easily can be accomplished by stipulation or motion pursuant to 28 U.S.C. § 1404 after a lead plaintiff is appointed. The Xybernaut Investors Group stands ready to litigate this action in either this District or the Eastern District of Virginia and, to this end, has retained highly qualified local/liaison counsel to assist them.

CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court, following

consolidation, (i) appoint the Xybernaut Investors Group as lead plaintiff in this consolidated action; and

(ii) approve the Xybernaut Investors Group's selection of Shepherd, Finkelman, Miller & Shah, LLC and

Schatz & Nobel, P.C., to serve as lead counsel, and Rosenthal, Monhait, Gross & Goddess, P.A. to serve

as liaison counsel.

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.

Jessica Zeldin (Del. Bar No. 3558)
Suite 1401, 919 Market Street
P.O. Box 1070
Wilmington, Delaware 19899
(302) 656-4433
jzeldin@rmgglaw.com
  Counsel for Movant

OF COUNSEL:

James E. Miller
Patrick A. Klingman
Karen M. Leser
SHEPHERD, FINKELMAN, MILLER & SHAH, LLC
65 Main Street
Chester, Connecticut 06412
(860) 526-1100

Scott R. Shepherd
James C. Shah
SHEPHERD, FINKELMAN, MILLER & SHAH, LLC
35 East State Street
Media, Pennsylvania 19063
(610) 891-9880

Andrew M. Schatz
Jeffrey S. Nobel
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street
Hartford, Connecticut  06103
(860) 493-6292

June 28, 2005